## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LISA VAZQUEZ-KAILEY, | ) |
| | ) |
| Plaintiff, | ) No. 4:15-CV-467 RLW |
| | ) |
| v. | ) |
| | ) |
| VIKRAM SHAH and MIKE KAILEY, d/b/a | ) |
| KAILEY TRUCK LINE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant Vikram Shah's Motion to Dismiss for Failure to State a Claim (ECF No. 17). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

This matter is before the court based upon diversity jurisdiction under 28 U.S.C. §1332. (Amended Complaint, ¶9). In 2013, Defendant Mike Kailey d/b/a Kailey Truck Line hired Defendant Vikram Shah for his long-haul trucking business and provided Defendant Shah with a commercial tractor-trailer to use for purposes of transporting goods cross-country under Kailey Truck Line's interstate operating authority. (Amended Complaint, ¶7). Gurpreet Ram Kailey was killed on April 20, 2014 in Franklin County, Missouri, when he was ejected from a tractor-trailer, driven by Defendant Vikram Shah, who was operating under the motor carrier authority of Defendant Mike Kailey d/b/a Kailey Truck Line. (Amended Complaint, ¶1). Plaintiff alleges that Defendant Shah's negligent and careless driving caused the April 20, 2014 rollover crash

---

[1] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

and the death of Gurpreet Kailey. (Amended Complaint, ¶11). Plaintiff Lisa Vazquez-Kailey and Decedent Gurpreet Kailey were married. (Amended Complaint, ¶2). Plaintiff Lisa Vazquez-Kailey brings this wrongful death action under R.S. Mo. §537.080 as the surviving spouse of Decedent Gurpreet Kailey. (Amended Complaint, ¶3).

In her Amended Complaint, Plaintiff alleges claims for negligence selection and retention of an independent contractor and negligent entrustment against Kailey Truck Line (Count I) and negligence against Vikram Shah (Count II).

## STANDARD OF REVIEW[2]

In ruling on a motion to dismiss or a motion for judgment on the pleadings, the Court must view the allegations in the complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.*, 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the "no set of facts" standard for Fed. R. Civ. P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

---

[2] In Plaintiff's response, she argues that this case should be before the Court on a motion for judgment on the pleadings, not as a Rule 12(b)(6) motion because Defendants answered the complaint. The Court notes that the legal standard is the same under either a Rule 12(b)(6) motion or a motion for judgment on the pleadings. *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) ("'Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law,' ... the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)[.]'") (internal citation omitted).

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *Huang v. Gateway Hotel Holdings*, 520 F. Supp. 2d 1137, 1140 (E.D. Mo. 2007).

## DISCUSSION

Defendant Shah argues that Plaintiff's claim for negligence against Count II of Plaintiff's Complaint must be dismissed because Plaintiff does not plead facts sufficient to show co-employee liability. "To make a claim based on negligence, a plaintiff must establish that: (1) the defendant had a duty to protect her from injury; (2) the defendant failed to perform that duty; and (3) the defendant's failure proximately caused injury to the plaintiff." *Bowan ex rel. Bowan v. Express Med. Transporters, Inc.*, 135 S.W.3d 452, 456 (Mo. Ct. App. 2004) (citing *Sill v. Burlington N. R.R.,* 87 S.W.3d 386, 391 (Mo. App. 2002)). "The only element of negligence that is determined as a matter of law is the duty element." *Bowan ex rel. Bowan*, 135 S.W.3d at 457 (citing *Sill,* 87 S.W.3d at 391).

Defendant Shah argues that Plaintiff cannot establish a duty to the decedent on behalf of co-employee Defendant Shah. Defendant Shah maintains that the existence of a duty is a question of law to be determined by the Court. (ECF No. 18 at 4-5). Defendant Shah notes that the Missouri Court of Appeals addressed the circumstances whereby a co-employee can be held personally liable for negligence:

> [A] co-employee cannot be held personally liable for his negligence in carrying out the employer's non-delegable duties, whether it be the employer's duty to provide its employees with a reasonably safe place to work, or any other non-delegable duty. To maintain an action against the co-employee, the injured worker must demonstrate circumstances showing a personal duty of care owed by defendant to the injured worker, separate and apart from the employer's non-delegable duties, and that breach of this personal duty proximately caused the worker's injuries. Whether a personal duty has arisen so that the co-employee may

- 3 -

be held liable will necessarily depend on the facts and circumstances of the case, determined as a matter of law, giving due consideration to the policy factors described above. What we hold, given the cases from this state, as well as those from other jurisdictions, is that a personal duty will arise out of circumstances where the co-employee engages in an affirmative act, outside the scope of employer's non-delegable duties, directed at a worker, increasing the risk of injury. For in engaging in a direct, affirmative act, the co-employee owes a personal duty to exercise ordinary care under the circumstances and to refrain from conduct that might reasonably be foreseen to cause injury to another.

*Gunnett v. Girardier Bldg. & Realty Co.*, 70 S.W.3d 632, 641 (Mo. Ct. App. 2002); ECF No. 18 at 5. Defendant Shah further argues that Plaintiff's Complaint is "fatally flawed in its legal premise that the Federal Motor Carrier Safety Regulations ('FMCSR') are overcome by Missouri law regulating independent contractors." (ECF No. 20 at 2). Rather, Defendant Shah contends that for purposes of the FMCSR, the term "employee" includes "independent contractors." (ECF No. 20 at 2 (citing 49 C.F.R. §309.5)). Defendant Shah claims that Plaintiff "does not show that Missouri law has been held by any court to precede the FMCSR's definition of employee." (ECF No. 20 at 2).

In response, Plaintiff argues that several significant factual disputes, primarily whether Defendant Shah was an independent contractor, make dismissal improper on this Rule 12(c) motion. (ECF No. 19 at 4). First, Plaintiff notes that the decedent's legal or employment relationship with Defendant Kailey Truck Line is not alleged in the Complaint. (ECF No. 19 at 5). Plaintiff argues that because Defendant Shah cannot show that Gurpreet Kailey was an employee, then the Rule 12(c) motion must be denied. Second, Plaintiff claims that the inclusion of "independent contractor" in the definition of "employee" under 48 C.F.R. §390.5 does not change the relationship of the parties in this case under Missouri common law. (ECF No. 19 at 5-7). Plaintiff agrees that the FMCSRs regulate carries and drivers, including Defendants in this case. Plaintiff further agrees that the term "employee", as used in those regulations, includes "independent contractors." (ECF No. 19 at 5-6). However, Plaintiff asserts that these federal

- 4 -

regulations do not supplant state law distinctions for claims brought under common law. ECF No. 19 at 6; *see Great W. Cas. Co. v. Nat'l Cas. Co.*, 53 F. Supp. 3d 1154, 1179 (D.N.D. 2014) (emphasis in original):

> First, while [the federal regulatory scheme] imposes *additional* liability upon motor carriers for the acts of its independent contractors in some instances, it does not purport to supplant, diminish, or otherwise provide safe harbor from existing tort liability of carriers and lessor-operators under state law. Second, the federal regulatory scheme does not preempt the state law distinctions between an independent contractor and an employee, except to the limited extent of making an independent-contractor operator a "statutory employee" of the lessee-carrier for purposes of enforcement of federal safety regulations and imposing *respondeat superior* liability for the acts of the independent contractor in certain instances.

Thus, Plaintiff argues that "[d]espite the 'employee' definition in 49 C.F.R. §390.5 making motor carriers financially responsible, nothing in the FMCSRs is intended to affect whether a lessor-driver is an independent contractor or an employee of the lessee-motor carrier." (ECF No. 19 at 7 (citing *Simpson v. Empire Truck Lines, Inc.*, 571 F.3d 475, 477 (5th Cir. 2009)). Plaintiff argues that under Missouri law the existence of an employee-employer relationship is a question of fact and, therefore, the Court cannot resolve this issue at this stage of the proceedings. (ECF No. 19 at 7).

The Court agrees that the Amended Complaint fails to allege Decedent Gurpreet Kailey's relationship with either defendant. The Amended Complaint alleges that Defendant Mike Kailey d/b/a Kailey Truck Line hired Defendant Vikram Shah as an independent contractor for his long-haul trucking business and provided Defendant Shah with a commercial tractor-trailer to use for purposes of transporting goods cross-country under Kailey Truck Line's interstate operating authority. (Amended Complaint, ¶7; *see also* Amended Complaint, ¶22 ("Upon information and belief, Defendant Mike Kailey hired Defendant Shah as an independent contractor to drive a

tractor-trailer for his long haul trucking business in 2013."). Plaintiff further alleges that "[o]n April 18, 2014, Defendant Shah and Decedent Gurpreet Kailey left Los Angeles, California, driving a 2011 Kenworth tractor pulling a 1999 utility refrigerated van loaded with fresh produce, bound for Edison, New Jersey." (Amended Complaint, ¶25). Although Defendant Shah maintains in his Motion to Dismiss that "plaintiff brings a common law claim of negligence against the Decedent's co-employee, defendant Vikram Shah" (ECF No. 18 at 1), the status of Decedent Gurpreet Kailey is never alleged in the Amended Complaint. Therefore, the Court cannot find as a matter of law that the decedent was a co-employee with Defendant Shah. The Court denies Defendant's Motion to Dismiss because the Court cannot find that Defendant Shah was a co-employee with Decedent Gurpreet Kailey based upon the allegations in the Amended Complaint. The Court need not address whether Defendant Shah was an "independent contractor" or an "employee" at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Vikram Shah's Motion to Dismiss for Failure to State a Claim (ECF No. 17) is **DENIED**, without prejudice.

Dated this 21st day of October, 2015.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**